NELLIE WHITLOCK, AS ADMINISTRATRIX, ETC., OF JOHN McCARTHY, DECEASED, RESPONDENT, *v.* THE BOWERY SAVINGS BANK, APPELLANT.

*Deposit in a savings bank to the credit of two persons — right of the bank to pay it to the survivor — effect of the issuing of letters of administration upon a payment to the person appointed administrator, made before the letters were issued.*

APPEAL from a judgment recovered upon a trial before the court without a jury.

The recovery was had for a portion of an amount found to be owing from the defendant for deposits made with it by John. McCarthy, deceased. The account in the book delivered by the bank was preceded by the heading, "Dr., Bowery Savings Bank, in account with John and Elizabeth McCarthy," adding then a statement of the balance, amounting to $1,259.43. John McCarthy died on the 22d of February, 1877, leaving his widow surviving him. On the 20th of September, 1878, she presented the bank book at the bank and drew out the balance then standing to the credit of the account, which was $1,485, giving a receipt for the same and surrendering the book to the defendant. Before this money was drawn, and on the twelfth day of the same month, Alonzo J. Chadsey, to whom John McCarthy was indebted for medical services, served a notice upon the bank stating that he was such creditor, and forbidding the bank to pay over any of the moneys to any one except by an order of the court.

The widow Elizabeth McCarthy was appointed administratrix of

the estate of her husband John McCarthy after the money had been drawn by her from the bank. She afterwards intermarried with another person, and an action was brought against her in her name of Elizabeth Reilly by Chadsey, to recover the amount of his account, and that action resulted in a judgment in his favor. During its pendency the administratrix died, and the present plaintiff was appointed administratrix of the estate *de bonis non*. After the recovery of the judgment against her in the action which had been revived for that purpose, she brought this suit against the bank to recover the balance of the deposit, and the court held that she was entitled to a judgment for such an amount as was required to pay the judgment recovered by Chadsey.

The court at General Term said: "By the deposits which were made the bank became a mere debtor to one or both of the depositors (*People* v. *Mechanics'*, etc., *Sav. Inst.*, 92 N. Y., 7), and its liability consisted in its obligation to pay the debt so created on demand of the party entitled to receive it. It may be assumed, as it was in the disposition of the case at the trial, that the widow of John McCarthy was not entitled to receive the debt created by the money which he had in this manner deposited with the defendant, and that the sole fact of payment to her by the bank would not have protected it from further liability. But the further fact was proved that after she collected this debt she was legally appointed the administratrix of his estate, and that appointment related back to the time of his decease, and confirmed and legalized her act in demanding and receiving payment of this debt. (*Rattoon* v. *Overacker*, 8 Johns., 126; *Priest* v. *Watkins*, 2 Hill, 225; *Matter of Faulkner*, 7 id., 181.)

"The plaintiff, as administratrix *de bonis non* of the estate, was simply the successor in office of Elizabeth McCarthy, the preceding administratrix, and had no further power or authority over the estate than that which she herself possessed at the time of her decease. She succeeded to it so far as the estate was in an unsettled condition, and her authority included only that which was necessary to completely settle and adjust its remaining affairs. If Elizabeth McCarthy, as administratrix, in her lifetime, had brought the action against the bank to recover the debt, the fact of payment to her before she received the letters of administration would,

under these authorities, have been a complete and unanswerable defense. And as the plaintiff had no other rights than those of her mere successor, she must be in the same manner concluded by what had previously taken place, and could not again recover a debt which had in this manner been received by her predecessor in office.

"The judgment was accordingly erroneous, and it should be reversed and a new trial ordered, with costs to abide the event."

*Carlisle Norwood,* for the appellant.

*Solomon F. Higgins,* for the respondent.

Opinion by DANIELS, J.; DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.